IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DOUG TEMPLETON,

    Plaintiff,

v.                                                      C.A. No.:     3:17-cv-234

SP PLUS CORPORATION,

    Defendant.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DOUG TEMPLETON (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, pursuant to 29 U.S.C. § 216(b), hereby sues Defendant, SP PLUS CORPORATION (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## **INTRODUCTION**

1.     This is an action by Plaintiff against his former employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seek damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## **JURISDICTION**

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## **VENUE**

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working in Dallas, Texas.

## **THE PARTIES**

4.    Plaintiff is an individual residing in Denton County, Texas. Plaintiff was employed as a "Operations Manager for Maintenance" by Defendant from approximately August of 2016, through November 30, 2016, at the annual salary of $56,000.00. Plaintiff worked from 6:30 a.m. to 4:30 p.m., daily. Plaintiff's principle duties were replacing batteries in parking meters, fixed coin jams, and deal with work orders from people who called in complaints about meters that were not working.

5.    Defendant, SP PLUS CORPORATION, is a corporation formed under the laws of the State of Illinois and at all at all times material to this complaint, maintained and operated a business in Dallas, Texas.

6.    At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

7.    At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least

$500,000.00.

8. At all times material to this complaint, Defendant, SP PLUS CORPORATION, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant specializes in operating parking lots and garages throughout the United States.

9. At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. Additionally, Plaintiff performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce.

11. At all times material to this Complaint, Defendant was the employer of the Plaintiff and, as a matter of economic reality, the Plaintiff was dependent upon Defendant for his employment.

12. Defendant also failed to pay Plaintiff for any overtime hours in excess of 40 hours per workweek.

13. Plaintiff did not hold a position that would qualify for any exemption under the FLSA.

14. During Plaintiff's employment, Defendant required, suffered or permitted Plaintiff to work in excess of 40 hours in one or more workweeks

(hereinafter "overtime hours").

15. Defendant was aware that the FLSA required it to pay Plaintiff time and one-half of his regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

16. Defendant was aware that Plaintiff had worked overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay overtime pay for overtime hours worked by Plaintiff.

17. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to recover damages in the amount of the unpaid overtime, an equal amount as liquidated damages for Defendant's willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment against the Defendant for the following:

        A. Actual damages provided by law;

        B. Liquidated damages as allowed by law;

        C. Reasonable attorneys' fees and costs;

        D. For pre-judgment interest in the event liquidated damages are not awarded;

        E. For such other and further relief to which Plaintiff may be justly entitled, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, DOUG TEMPLETON, demands a jury trial on all issues so triable.

Respectfully submitted, January 26, 2017.

       **ROSS LAW GROUP**

       _____
       **CHARLES L. SCALISE**
       Texas Bar No. 24064621
       Attorney-in-Charge
       **DANIEL B. ROSS**
       Texas Bar No. 00789810
       1104 San Antonio Street
       Austin, Texas 78701
       (512) 474-7677 Telephone
       (512) 474-5306 Facsimile
       Charles@rosslawgroup.com

       Steven R. Samples
       Texas Bar No. 24086348
       Samples Ames PLLC
       1512 Crescent Drive, Suite 119
       Carrollton, Texas 75006
       (214) 308-6505 Telephone
       (855) 605-1505 Facsimile